# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: W.C. Jr. & A.C.**

**No. 14-0492** (Summers County 13-JA-25 & 13-JA-26)


## MEMORANDUM DECISION

Petitioner Father, by counsel John Anderson II, appeals the Circuit Court of Summers County's April 25, 2014, order terminating his parental rights to W.C. Jr., and A.C., his two-year-old and one-year-old sons, respectively. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Sherri Freeman, filed a response on behalf of the children that also supports the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights without granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, the DHHR received a referral that Petitioner Father left the children in the home unattended. The referral further stated that Petitioner Father has an extensive history of Child Protective Services ("CPS") involvement in McDowell, Nicholas, and Fayette Counties. Finally, the DHHR states that W.C. Jr. was removed from Petitioner Father's care when he was only one month old. The DHHR implemented a safety plan and placed the children with their maternal aunt because Petitioner Father failed to acknowledge that there was anything wrong with leaving the children in the home unattended. Several days later, Petitioner Father informed the DHHR that they were not allowed back in his home. Based upon this referral, the DHHR filed a petition for abuse and neglect.

The circuit court held adjudicatory hearings on January 24, and February 7, 2014, during which the circuit court heard testimony that Petitioner Father left his children unattended in the home and failed to provide the children with proper clothing. The circuit court also heard testimony that as entertainment, Petitioner Father put oil on the floor so that he could watch W.C. Jr. slip and fall while trying to walk. Finally, the circuit court heard testimony that the children's vaccinations were not up-to-date.

After considering the testimony, the circuit court adjudicated Petitioner Father as an abusive and neglectful parent and denied him an improvement period. Importantly, the circuit court found that "[Petitioner Father] ha[s] no insight into the problems in [his] home."

Thereafter, by order entered on April 25, 2014, the circuit court terminated Petitioner Father's rights because he failed to acknowledge the problems that led to the filing of this petition. It is from this order that Petitioner Father appeals.

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find no error in the circuit court's termination of Petitioner Father's parental rights without granting him an improvement period. West Virginia Code § 49-6-12 grants circuit courts discretion in granting an improvement period upon a written motion and a showing, by clear and convincing evidence, that the parent will fully participate in the same. Petitioner Father argues that he should have been granted an improvement period because he admitted "that there were things he needed to work on" and was denied the opportunity to participate in residential psychotherapy treatment. However, this assertion is insufficient to show that Petitioner Father would substantially comply with the terms of an improvement period in light of his failure to acknowledge the underlying conditions of abuse that necessitated the children's removal. First, the record is devoid of any evidence that Petitioner Father filed a written motion requesting either an adjudicatory improvement period or dispositional improvement period. Additionally, Petitioner Father failed to show, by clear and convincing evidence, that he would have fully complied with the terms of an improvement period if one had been granted. The DHHR's "Social Summary" reveals that Petitioner Father failed to recognize the dangers he had placed his children in and refused to accept any responsibility for his actions. Petitioner Father had a lengthy history of CPS involvement in multiple counties, during which he received services. Finally, the circuit court heard testimony that Petitioner Father failed to "benefit from any services that the DHHR has offered."

We have previously held that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

2

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). Thus, Petitioner Father failed to meet his statutory burden and it was not error for the circuit court to deny Petitioner Father an improvement period.

As to termination of Petitioner Father's parental rights, we find no error. The record contains substantial evidence in support of the circuit court's decision to terminate his parental rights. As the circuit court noted, "[Petitioner Father] has no insight to this situation [and is] in denial of the problems in this matter." Based upon this evidence, the circuit court found that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse or neglect in the near future and that termination was in the children's best interest. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 25, 2014, order is hereby affirmed.[1]

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1]Even though the Court decided this appeal on the merits, we caution petitioner's counsel that we could have dismissed Petitioner Father's appeal for failure to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." In an Administrative Order entered on December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure,* then-Chief Justice Ketchum specifically noted in paragraph 7 that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal' as required by rule 10(c)(7)" are not in compliance with this Court's rules.